ᵛᵖ   ᵐᴮ

**FILED**
Jul 18, 2013
JUL 18 2013

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHERN ILLINOIS**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JACQUELINE STEVENS,
    Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
STATE,

    Defendant.

13cv5152
Judge George M. Marovich
Magistrate Daniel G. Martin

)
) July 18, 2013
)
)
)
)

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Jacqueline Stevens ("Plaintiff") brings this action under the Freedom of
   Information Act ("FOIA"), 5 U.S.C. § 552 et. seq. for declaratory and
   injunctive relief to compel the disclosure and release of agency records
   improperly withheld from Plaintiff by Defendant United States Department
   of State ("State").

2. Plaintiff challenges the failure of State to disclose documents in response to
   Plaintiff's March 26, 2013 Freedom of Information Act requests. Plaintiff's
   FOIA request sought records pertaining to the deportation of Mark Daniel
   Lyttle, in particular correspondence between State Department officials in
   the United States and consular officials in Honduras and Guatemala.
   Defendant has failed to comply with statutory deadlines and has failed to

disclose a single record. Plaintiff asks the Court to order immediate disclosure of all responsive records.

## JURISDICTION AND VENUE

3. This court has jurisdiction over this matter pursuant to the FOIA, 5 U.S.C. §§ 552(a)(4)(B), and 28 USC § 1331 and 1361.

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402(a)(1), as Plaintiff does business in the Northern District of Illinois.

## PARTIES

5. Plaintiff Jacqueline Stevens is a professor of political science and director of the Deportation Research Clinic at Northwestern University. The office of the Deportation Research Clinic is located in Cook County, Illinois.

6. Defendant United States Department of State is the federal agency responsible for United States embassies, consulates, and diplomatic posts in foreign nations. State is an agency within the meaning of 5 U.S.C. § 552(f).

## STATEMENT OF FACTS

7. On Dec. 21, 2008, Mark Lyttle was deported to Mexico from the United States of America by the Immigration and Customs Enforcement ("ICE") component of the Department of Homeland Security ("DHS"). This occurred despite Lyttle's sworn statement of his U.S. citizenship. Lyttle speaks no Spanish and has no relatives in any country in Latin America, including Mexico.

8. Following his deportation, Lyttle was rendered stateless. Mexican immigration authorities placed Lyttle on a bus for Honduras. In Honduras, Lyttle was taken into the custody of Honduran immigration authorities and held in San Pedro Sula and Tegucigalpa.

9. U.S. consular officials were alerted by Honduran officials as to Lyttle's claim to U.S. citizenship, including through one or more telephone conversations with Lyttle. Lyttle implored the embassy official or officials to assist with his return home. His pleas were disregarded and Lyttle was imprisoned for just over a month near Tegucigalpa, Honduras.

10. Honduran immigration officials had Lyttle transported to Guatemala City, Guatemala. Lyttle presented himself to the U.S. consulate in Guatemala City and reasserted his claim to U.S. citizenship. He requested that consular officials verify his claim by contacting his brothers, both of whom were in the U.S. army.

11. On or about Apr. 21, 2009, consular officials in Guatemala located Lyttle's relatives and six hours later issued him a one-year U.S. passport.

12. On Apr. 22, 2009, Lyttle returned to the United States using his U.S. passport. Upon landing in Atlanta, Georgia (en route to his brother's army base near Nashville, Tennessee), Lyttle was again arrested and imprisoned by ICE. ICE issued an order for expedited removal to Mexico. Following a review of Lyttle's case, DHS concluded that Lyttle was and is a U.S. citizen.

13. On Apr. 23, Plaintiff was alerted to Lyttle's unlawful detention by Lyttle's attorney, Neil Rambana, whose calls to the ICE desk attorney in Atlanta were not returned.

14. On Apr. 24, 2009, following inquiries on his case by the Plaintiff, Lyttle was released from the ICE wing of the Fulton County jail in Atlanta. Plaintiff reported on Lyttle's case in articles in *The Nation* magazine (Stevens, Jacqueline. "America's Secret ICE Castles." *The Nation* 4 Jan. 2010. Print.) and "U.S. Government Unlawfully Detaining and Deporting U.S. Citizens as Aliens," *Virginia Journal of Social Policy and the Law*, 18:3 (2011), pp. 115.

15. Lyttle's deportation and subsequent deportation are of great public interest, as evidenced by "The Deportation Machine," an article based on Plaintiff's research and published in *The New Yorker* on Apr. 29, 2013.

16. On Mar. 26, 2013, Plaintiff filed a request under FOIA, seeking all system records, e-mails, notes, memorandums, and any other information generated, received, or maintained by State pertaining to contact between Honduran immigration officials in Tegucigalpa or San Pedro Sula and State consular officials. This specifically included a request for copies of all reports, records, notes, and e-mails between State employees and employees of the Honduran government, including immigration offices and jails, during the time frame that Lyttle was detained in Honduras. It also included a request for copies of all follow-up reports, records, notes, and e-mails. This request included an attached privacy waiver. This request also included a request for a fee waiver, based on Plaintiff's intent to use the requested records for academic purposes. See Exhibit A.

17. On Apr. 16, 2013, State faxed to Plaintiff an acknowledgement of the FOIA request outlined in allegation 16. State assigned the request Case Control Number F-2013-06121. The acknowledgment stated that State had not received proper third party authorization for all record releases. State also denied Plaintiff's request for a fee waiver. State granted Plaintiff 30 calendar days to submit proper third party authorization. See Exhibit B.

18. Also on Mar. 26, 2013, Plaintiff filed a second request under FOIA, seeking all system records, e-mails, notes, memorandums, and any other intra-

agency correspondence relating to Lyttle's time in Guatemala. This specifically included correspondence between State officials in Guatemala and officials in other Latin American countries or State officials in the United States. This included a request for all records of calls between State and Lyttle's family, as well as between State and Lyttle's attorney. This request included an attached privacy waiver. This request again included a request for a fee waiver, based on Plaintiff's intent to use the requested records for academic purposes. See Exhibit C.

19. On Apr. 16, 2013, State faxed to Plaintiff an acknowledgment of the FOIA request outlined in allegation 18. State assigned the request Case Control Number F-2013-06118. The acknowledgment stated that State had not received proper third party authorization for all record releases. State also denied Plaintiff's request for a fee waiver. State granted Plaintiff 30 calendar days to submit proper third party authorization. See Exhibit D.

20. On Apr. 19, 2013, Plaintiff sent by e-mail to State a scanned copy of Lyttle's privacy waiver and a letter from the Chair of Northwestern University's Political Science Department verifying the Plaintiff's scholarly work in deportation research. See Exhibit E.

21. On Apr. 24, 2013, Plaintiff sent by fax to State the same documents described in allegation 20. See Exhibit F.

22. On May 15, 2013, Plaintiff sent by e-mail to State an inquiry as to the status of FOIA request F-2013-06121. As of the date of this pleading, 44 working days later, State has not responded to this inquiry. See Exhibit G.

23. Under 5 U.S.C § 552(a)(6)(A), federal agencies are granted a 20 working day time limit in which to make a determination in response to a request for records. State acknowledged its receipt of Plaintiff's FOIA request on Apr. 16, 2013. Plaintiff submitted proper third party verification by Apr. 24, 2013 at the latest. The 20 working day time limit expired on May 21, 2013.

24. On June 24, 2013 Plaintiff spoke by telephone with a State employee responsible for the FOIA case management system, and indicated that the time allowed for determination had elapsed and requested a time line for a response. The employee told Plaintiff that another State employee, a FOIA analyst, would return her call. Through the date of this pleading, 17 working days later, no such employee has contacted Plaintiff.

25. Through the date of this pleading, State has not disclosed a record to Plaintiff or made an adverse determination as to the substance of either of Plaintiff's FOIA requests.

## CLAIM FOR RELIEF
**Defendant State Failed to Disclose and Release Records Responsive to Plaintiff's First and Second Requests**

26. Plaintiff repeats and alleges each and every allegation contained in paragraphs 1 – 24 as if repeated and reincorporated herein.

27. Failure to respond to a FOIA request within the time limits established by 5 U.S.C. § 552(a)(6)(A) and (a)(6)(B) constitutes a constructive denial of information.

28. By withholding this information, State has violated Plaintiff's rights to State records under 5 U.S.C. § 552(a)(3)(A) and (a)(6)(C).

29. Plaintiff has exhausted all applicable administrative remedies as outlined in 5 U.S.C. § 552(a)(6)(C)(i), with respect to State's wrongful withholding of the requested records.

30. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records, under 5 U.S.C. § 552(a)(4)(B).

### Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this matter;

2. Order Defendant State to disclose the requested records in their entireties and make copies available to Plaintiff at no charge to Plaintiff;

3. Expedite this action pursuant to 28 U.S.C. § 1657(a);

4. Award Plaintiff costs and fees in this action as provided by 5 U.S.C. § 552(a) (4)(E);

5. Award Plaintiff applicable punitive damages;

6. Grant such relief as the Court may deem just and proper.

Dated: July 18, 2013

Respectfully Submitted,

Jacqueline Stevens
601 University Place, Evanston, IL, 60208
jacqueline-stevens@northwestern.edu
847-467-2093

# EXHIBIT A

March 26, 2013

Office of Information Programs and Services
A/GIS/IPS/RL
U. S. Department of State
Washington, D. C. 20522-8100

To Whom It May Concern,

I write under the Freedom of Information/Privacy Act to request all system records as well as all e-mail, notes, memorandums and any other information generated, received, or maintained by employees of the State Department pertaining to contact between Honduran immigration officials in Tegucigalpa or San Pedro Sula, Honduras and U.S. State Department consular officials in Tegucigalpa or San Pedro Sula pertaining to Mark Daniel Lyttle, who was deported in December, 2008 under the name Jose Thomas.

Mr. Lyttle was born in Salisbury, North Carolina and his date of birth is August 2, 1977.

Please note that a temporary U.S. passport was issued to Mark Daniel Lyttle by an officer in the U.S. consulate in Guatemala City on or about April 21, 2009.

Please note that Lyttle was in contact with Honduran consular employees in Tegucigalpa in late March, 2009 during the same time frame when these consular officials were arranging for the return of another wrongfully deported U.S. citizen, Diane Williams.

Specifically, I am requesting:

1) Copies of all reports, records, notes, and emails between U.S. State Department employees and employees of the Honduran government, including immigration offices and jails, during the time frame Mr. Lyttle was in Honduras (2009)--please consult the employees who assisted Diane Williams in procuring her U.S. passport from the Tegucigalpa office on March 31, 2009.

2) Copies of all follow up reports, records, notes, and emails among U.S. State Department officers in Honduras and employees in U.S. State Department Headquarters.

I am attaching a copy of a Privacy Waiver and Certificate of Identity signed by Mark Daniel Lyttle authorizing the release of this information to me.

Please note that I am a professor and will be using this information in my teaching, research, scholarly publications, and journalism, and am therefore requesting a fee waiver or reduction.

Thank for you for your attention to this request. If you have any questions please feel free to call me at 847-467-2093.


Sincerely,




Jacqueline Stevens
Professor
Political Science Department

Director
Deportation Research Clinic
Buffett Center on International and Comparative Studies


Mail address

601 University Place, Second Floor
Political Science Department
Evanston, IL 60208

# EXHIBIT B

# U.S. Department of State
## Office of Information Programs and Services
### Requester Liaison Division
### Requester Communications Branch



**FAX**

To: Jacqueline Stevens          From: RC

Fax: (847) 491-8995          Pages: 7

Phone: (842) 491-7450          Date: APR 16 2013

Re: Mark D. Lythe          cc:

☐ As Requested   ☐ Urgent   ☑ For Review   ☐ For Comment   ☐ Please Reply

**Comments:**

Please note that the attached acknowledgement letter is being faxed to you as a courtesy due to the time constraints listed for response to this office. The original acknowledgement letter has also been mailed to you.

Requester Communications Branch
U.S. Department of State



**United States Department of State**

*Washington, D.C. 20520*

APR 16 2013

Dear Requester,

RE: Mark D. Lyttle, Honduran records

This is in response to your request dated March 26, 2013. We have assigned Case Control Number F-2013-06121 and will begin the processing of your request based upon the information provided in your communication.

☐ You have submitted proper third party authorization for all parties associated with your request. Your request will be processed accordingly, and you will receive the greatest possible access to records.

☑ You have **not** submitted proper third party authorization for all parties associated with your request. Your request will be processed, but release of records will be severely limited to protect the privacy of the subject individuals. If you submit proper third party authorization within <u>30 days of the date of this letter</u> (as described in the enclosed insert), your request will be processed accordingly.

The cut-off date is the date the search is initiated unless you have provided a specific timeframe.

Unusual circumstances (including the number and location of Department components involved in responding to your request, the volume of requested records, etc.) may arise that would require additional time to process your request.

We will notify you as soon as responsive material has been retrieved and reviewed.

Should you have any questions, you may call our FOIA Requester Service Center at (202) 261-8484 or send an email to FOIAstatus@state.gov. Please refer to the Case Control Number in any communication.

Sincerely,

Mary Therese Casto
Chief, Requester Communications Branch

---

*Office of Information Programs and Services*                                    **Inquiries:**
*U.S. Department of State, SA-2*                                   Phone: *1-202-261-8484*
*Washington, DC 20522-8100*                                         FAX: *1-202-261-8579*
        *Website:* <u>*www.foia.state.gov*</u>                      E-mail: *FOIAStatus@state.gov*

## Authorization for the Release of Records about Another Individual

In general, under the provisions of the FOIA and Privacy Act, access to information about private individuals cannot be given to unauthorized third parties without the individual's written consent. If you provide authorization, your request will be processed with the greatest possible access. If you do not or are unable to provide authorization, your request will be processed, but release of records will be severely restricted to protect the privacy of another individual.

## What Is A Proper Authorization? (22 C.F.R. 171.12(a))

- Must be in writing
- Must be on plain paper or your letterhead (NOTE: do not use forms from other agencies, as they do not authorize the *Department of State* to release documents)
- Must authorize the Department of State to release documents concerning the individual to you
- Must be signed by the individuals who the documents are about
- Must contain either:
  a. A notarization from a notary public - which has the signature of the individual who is the subject of the records, the signature and seal of the notary, and be dated within six months of the request, or
  b. A statement from the individual who is the subject of the records saying: "I declare, certify, verify or state that, under penalty of perjury under the laws of the United States of America, the foregoing is true and correct." This statement must be signed by the individual who the records are about, and be dated within six months of the date of the request.

## Submitting the Authorization

The authorization(s) may be forwarded to us at: Office of Information Programs and Services, ATTN: A/GIS/IPS/RL, U.S. Department of State, SA-2, Washington, DC 20522-8100, or may be faxed to us at 202-261-8579. Please be sure to refer to your Case Control Number in your correspondence.

To ensure you receive the greatest possible access to documents, authorizations for all persons you are requesting records about **must be received by this office within 30 calendar days of the date of this letter.** If you are unable to provide an authorization, please notify us in writing. If proper authorizations are not received within 30 calendar days of the date of our letter, your request will be processed accordingly and the release of documents will be severely restricted.

## Documents about a Deceased Person

For deceased individuals, unless the death has been widely reported, please provide proof of death, e.g., a newspaper obituary or a copy of a death certificate, or advise us that none will be forthcoming.

PLEASE NOTE: Please submit a separate authorization for each person you are requesting records about. For example, in cases involving an immigrant visa petitioner and one or more beneficiaries, please submit authorizations from the petitioner and all beneficiaries.

## An Example of a Proper Authorization

RE: Case Control Number _____

I, _____, authorize the Department of State to release all records about me to _____. I declare, certify, verify or state that, under penalty of perjury under the laws of the United States of America, the foregoing is true and correct.

_____                    _____
        (signature)                                           (date)

**Fee Waiver**

We have considered your request for a fee waiver. Based upon the information
provided in your letter, your request for a fee waiver has been denied. If you wish
to appeal this decision, you may write to:

> Chief, Requester Liaison Division
> Office of Information Programs and Services
> U.S. Department of State, SA-2
> Washington, DC 20522-8100

Your appeal should address the points listed in the enclosed sheet titled "Fee
Waiver Information Sheet." Your appeal must be sent to us within 30 days from
the date that you receive this letter.

## Fee Waiver Information Sheet

It is the Department's policy to treat each request for a fee waiver on a case-by-case basis. Please provide the following information:

1. State why you believe the subject matter of your request concerns the operations or activities of the Federal Government.

2. Expand on your ability and intent to disseminate the information requested. E.g., have you published or disseminated information in this or related fields in the past? Is the information requested to be used in a specific article or paper currently being prepared? Are the documents going to be posted on a website? If so, please explain.

3. Describe any commercial interest which would be furthered by the disclosure of the requested information, e.g., will you be paid for the publication or dissemination of the requested information? If so, how much will you be paid and in what manner will you receive payment? Will you receive any other type of commercial benefit due to your dissemination of the requested information? A "commercial interest" is one that furthers a commercial, trade, or profit interest as those terms are commonly understood.

4. If your request for a fee waiver is not granted, we need your written assurance that you are willing to pay the fees associated with the processing of your request. You may set a limit on the amount you are willing to pay.

Please send this information to: Office of Information Programs and Services, A/GIS/IPS/RL, Room 8100, Department of State, 515 22nd Street, N.W., Washington, D.C. 20522-8100. Please refer to your request number in your correspondence to us.

APR-16-2013  10:23        GIS/IPS                              2022618073        P.006

**Fees:** The Freedom of Information Act (FOIA) provides that agencies may assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted.

According to our regulations, by making a FOIA request, you have agreed to pay all applicable fees up to $25 unless a fee waiver has been granted. You may specify a willingness to pay a greater amount. If the estimated fees exceed this limit, you will be notified.

_____ You have stated your willingness to pay the fees incurred in the processing of this request up to $ _____.

✓ Please let us know if you are willing to pay the fees that will be incurred in the processing of your request. You may set a limit of the maximum amount that you wish to pay. Please be advised that, without an agreement to pay fees, your request will be processed without cost up to the required first 2 hours of search time (for all other requester category only) and duplication of the first 100 pages (for all other, media, educational and non-commercial scientific requester categories).

Based upon the information that you have provided, we have placed you in the requester category checked below. This request will be processed in accordance with the fee schedule designated for that category (see 22 C.F.R. 171, enclosed).

_____ **Commercial Use Requesters** – Charges may be assessed that recover the full direct costs of searching for, reviewing for release, and duplicating the record(s) sought.

_____ **Educational Institution Requesters** – Charges may be assessed that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

_____ **Non-commercial Scientific Institution Requesters** – Charges may be assessed that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

_____ **Representatives of the News Media** – Charges may be assessed that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

✓ **All Other Requesters** – Charges may be assessed that recover the full reasonable direct cost of searching for and duplicating the record(s) sought, after the first 100 pages of duplication, and the first two hours of search time.

_____ You have indicated your inclusion in a category different than the one indicated above. Please forward the information requested on the enclosed sheet titled "Requester Categories" to substantiate your inclusion in a particular category of requester.

We will notify you of the costs incurred in processing your request as soon as the search for, and review of, any responsive documents have been completed.

## REQUESTER CATEGORIES

If you believe that you should NOT be considered a <u>commercial use requester</u>, please provide:

> Evidence that your use of the requested information will NOT further any commercial, trade, or profit interest of yourself or the person(s) on whose behalf the request is made.

If you believe that you should be considered an <u>educational or non-commercial scientific institution</u> requester, please provide:

> A statement, signed by the chairperson of your department, which indicates that your request is authorized by and under the auspices of a specific institution <u>and</u> that the requested records are not sought for a commercial use and are not intended to promote any particular product or industry, but are sought in furtherance of scholarly or scientific research.

If you believe that you should be considered a <u>representative of the news media</u>, please provide:

> Evidence that you are employed by an entity that is organized and operated to publish or broadcast news to the public.

> Evidence, if you are associated with a periodical publication such as a newsletter, that your product is available for purchase or subscription by the general public.

> Evidence, if you are a freelance journalist, of the likelihood of publication through the news media (e.g., a publication contract, examples of past publications, etc.).

> Evidence that the information you request is about current events or would be of current interest to the public.

# EXHIBIT C

March 26, 2013

Office of Information Programs and Services
A/GIS/IPS/RL
U. S. Department of State
Washington, D. C. 20522-8100

To Whom It May Concern,

I write under the Freedom of Information/Privacy Act to request all system records as well as all e-mail, notes, memorandums and any other information maintained by the State Department, pertaining to the deportation from the United States and return thereto of Mark Daniel Lyttle in 2008-2009. Mr. Lyttle was born in Salisbury, North Carolina and his date of birth is August 2, 1977.

Please note that a temporary U.S. passport was issued to Mark Daniel Lyttle by an officer in the U.S. consulate in Guatemala City on or about April 21, 2009.

I am requesting copies of all e-mail, correspondence, and any other intra-agency notes, memorandums or reports about his time at the U.S. consulate and the arrangements for him to return to Nashville, Tennessee. This request is also for all records of calls to and from his family and attorney Neil Rambana in the United States.

On information and belief there were follow up reports and emails between State Department officers in Guatemala City and other offices in Latin America, and State Department Headquarters. I am requesting these as well.

I am attaching a copy of a Privacy Waiver and Certificate of Identity signed by Mark Daniel Lyttle authorizing the release of this information to me.

Please note that I am a professor and will be using this information in my teaching, research, scholarly publications, and journalism, and am therefore requesting a fee waiver or reduction.

Thank for you for your attention to this request. If you have any questions please feel free to call me at 847-467-2093.

Sincerely,

Jacqueline Stevens
Professor
Political Science Department

Director
Deportation Research Clinic
Buffett Center on International and Comparative Studies

Mail address

601 University Place, Second Floor
Political Science Department
Evanston, IL 60208

# EXHIBIT D

# U.S. Department of State
## Office of Information Programs and Services
## Requester Liaison Division
## Requester Communications Branch

# FAX

To: Jacqueline Stevens     From: RC

Fax: (847) 491-8985     Pages: 7

Phone: (847) 491-7450     Date: APR 16 2013

Re: Mark D. Lytle     cc:

☐ As Requested    ☐ Urgent    ☑ For Review    ☐ For Comment    ☐ Please Reply

**Comments:**

Please note that the attached acknowledgement letter is being faxed to you as a courtesy due to the time constraints listed for response to this office. The original acknowledgement letter has also been mailed to you.

Requester Communications Branch
U.S. Department of State



**United States Department of State**

*Washington, D.C. 20520*

APR 16 2013                    09

Dear Requester,

RE: *return records regarding Mark D. Lyttle*

This is in response to your request dated *March 26, 2013*. We have assigned Case Control Number *F-2013-06118* and will begin the processing of your request based upon the information provided in your communication.

☐ You have submitted proper third party authorization for all parties associated with your request. Your request will be processed accordingly, and you will receive the greatest possible access to records.

☑ You have **not** submitted proper third party authorization for all parties associated with your request. Your request will be processed, but release of records will be severely limited to protect the privacy of the subject individuals. If you submit proper third party authorization within 30 days of the date of this letter (as described in the enclosed insert), your request will be processed accordingly.

The cut-off date is the date the search is initiated unless you have provided a specific timeframe.

Unusual circumstances (including the number and location of Department components involved in responding to your request, the volume of requested records, etc.) may arise that would require additional time to process your request.

We will notify you as soon as responsive material has been retrieved and reviewed.

Should you have any questions, you may call our FOIA Requester Service Center at (202) 261-8484 or send an email to FOIAstatus@state.gov. Please refer to the Case Control Number in any communication.

Sincerely,

Mary Therese Castor
Chief, Requester Communications Branch

---

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
    *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

## Authorization for the Release of Records about Another Individual

In general, under the provisions of the FOIA and Privacy Act, access to information about private individuals cannot be given to unauthorized third parties without the individual's written consent. If you provide authorization, your request will be processed with the greatest possible access. If you do not or are unable to provide authorization, your request will be processed, but release of records will be severely restricted to protect the privacy of another individual.

### What Is A Proper Authorization? (22 C.F.R. 171.12(a))
- Must be in writing
- Must be on plain paper or your letterhead (NOTE: do not use forms from other agencies, as they do not authorize the *Department of State* to release documents)
- Must authorize the Department of State to release documents concerning the individual to you
- Must be signed by the individuals who the documents are about
- Must contain either:
  a. A notarization from a notary public - which has the signature of the individual who is the subject of the records, the signature and seal of the notary, and be dated within six months of the request, or
  b. A statement from the individual who is the subject of the records saying: "I declare, certify, verify or state that, under penalty of perjury under the laws of the United States of America, the foregoing is true and correct." This statement must be signed by the individual who the records are about, and be dated within six months of the date of the request.

### Submitting the Authorization
The authorization(s) may be forwarded to us at: Office of Information Programs and Services, ATTN: A/GIS/IPS/RL, U.S. Department of State, SA-2, Washington, DC 20522-8100, or may be faxed to us at 202-261-8579. Please be sure to refer to your Case Control Number in your correspondence.

To ensure you receive the greatest possible access to documents, authorizations for all persons you are requesting records about **must be received by this office within 30 calendar days of the date of this letter.** If you are unable to provide an authorization, please notify us in writing. If proper authorizations are not received within **30 calendar days of the date of our letter,** your request will be processed accordingly and the release of documents will be severely restricted.

### Documents about a Deceased Person
For deceased individuals, unless the death has been widely reported, please provide proof of death, e.g., a newspaper obituary or a copy of a death certificate, or advise us that none will be forthcoming.

**PLEASE NOTE:** Please submit a separate authorization for **each** person you are requesting records about. For example, in cases involving an immigrant visa petitioner and one or more beneficiaries, please submit authorizations from the **petitioner and all beneficiaries.**

---

### An Example of a Proper Authorization

RE: Case Control Number _____

I, _____, authorize the Department of State to release all records about me to _____. I declare, certify, verify or state that, under penalty of perjury under the laws of the United States of America, the foregoing is true and correct.


_____                    _____
(signature)                                     (date)

## Fee Waiver

We have considered your request for a fee waiver. Based upon the information
provided in your letter, your request for a fee waiver has been denied. If you wish
to appeal this decision, you may write to:

> Chief, Requester Liaison Division
> Office of Information Programs and Services
> U.S. Department of State, SA-2
> Washington, DC 20522-8100

Your appeal should address the points listed in the enclosed sheet titled "Fee
Waiver Information Sheet." Your appeal must be sent to us within 30 days from
the date that you receive this letter.

## Fee Waiver Information Sheet

It is the Department's policy to treat each request for a fee waiver on a case-by-case basis. Please provide the following information:

1. State why you believe the subject matter of your request concerns the operations or activities of the Federal Government.

2. Expand on your ability and intent to disseminate the information requested. E.g., have you published or disseminated information in this or related fields in the past? Is the information requested to be used in a specific article or paper currently being prepared? Are the documents going to be posted on a website? If so, please explain.

3. Describe any commercial interest which would be furthered by the disclosure of the requested information, e.g., will you be paid for the publication or dissemination of the requested information? If so, how much will you be paid and in what manner will you receive payment? Will you receive any other type of commercial benefit due to your dissemination of the requested information? A "commercial interest" is one that furthers a commercial, trade, or profit interest as those terms are commonly understood.

4. If your request for a fee waiver is not granted, we need your written assurance that you are willing to pay the fees associated with the processing of your request. You may set a limit on the amount you are willing to pay.

Please send this information to: Office of Information Programs and Services, A/GIS/IPS/RL, Room 8100, Department of State, 515 22nd Street, N.W., Washington, D.C. 20522-8100. Please refer to your request number in your correspondence to us.

**Fees:** The Freedom of Information Act (FOIA) provides that agencies may assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted.

According to our regulations, by making a FOIA request, you have agreed to pay all applicable fees up to $25 unless a fee waiver has been granted. You may specify a willingness to pay a greater amount. If the estimated fees exceed this limit, you will be notified.

_____ You have stated your willingness to pay the fees incurred in the processing of this request up to $_____.

✓ Please let us know if you are willing to pay the fees that will be incurred in the processing of your request. You may set a limit of the maximum amount that you wish to pay. Please be advised that, without an agreement to pay fees, your request will be processed without cost up to the required first 2 hours of search time (for all other requester category only) and duplication of the first 100 pages (for all other, media, educational and non-commercial scientific requester categories).

Based upon the information that you have provided, we have placed you in the requester category checked below. This request will be processed in accordance with the fee schedule designated for that category (see 22 C.F.R. 171, enclosed).

_____ **Commercial Use Requesters** – Charges may be assessed that recover the full direct costs of searching for, reviewing for release, and duplicating the record(s) sought.

_____ **Educational Institution Requesters** – Charges may be assessed that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

_____ **Non-commercial Scientific Institution Requesters** – Charges may be assessed that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

_____ **Representatives of the News Media** – Charges may be assessed that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

✓ **All Other Requesters** – Charges may be assessed that recover the full reasonable direct cost of searching for and duplicating the record(s) sought, after the first 100 pages of duplication, and the first two hours of search time.

_____ You have indicated your inclusion in a category different than the one indicated above. Please forward the information requested on the enclosed sheet titled "Requester Categories" to substantiate your inclusion in a particular category of requester.

We will notify you of the costs incurred in processing your request as soon as the search for, and review of, any responsive documents have been completed.

## REQUESTER CATEGORIES

If you believe that you should NOT be considered a <u>commercial</u>
<u>use requester</u>, please provide:

> Evidence that your use of the requested information will
> NOT further any commercial, trade, or profit interest of
> yourself or the person(s) on whose behalf the request is
> made.

If you believe that you should be considered an <u>educational or</u>
<u>non-commercial scientific institution</u> requester, please provide:

> A statement, signed by the chairperson of your department,
> which indicates that your request is authorized by and
> under the auspices of a specific institution <u>and</u> that the
> requested records are not sought for a commercial use and
> are not intended to promote any particular product or
> industry, but are sought in furtherance of scholarly or
> scientific research.

If you believe that you should be considered a <u>representative of</u>
<u>the news media</u>, please provide:

> Evidence that you are employed by an entity that is
> organized and operated to publish or broadcast news to the
> public.

> Evidence, if you are associated with a periodical
> publication such as a newsletter, that your product is
> available for purchase or subscription by the general
> public.

> Evidence, if you are a freelance journalist, of the
> likelihood of publication through the news media (e.g., a
> publication contract, examples of past publications, etc.).

> Evidence that the information you request is about current
> events or would be of current interest to the public.

# EXHIBIT E

To Whom It May Concern:

I write to address two matters raised in the initial State Department FOIA reply of April 16, 2013 to my initial request for the records of Mark Daniel Little, which I have appended below (submitted March 26, 2013) and assigned FOIA Control Number F-2013-061211.

1) That reply indicated that my request was missing the third party authorization. I am not sure how that occurred and apologize for any oversight on my part.

I am attaching a scanned copy of Mark Daniel Lyttle's signed and notarized statement as to his identity and that he has waived privacy rights stating that "Dr. Jacqueline Stevens has my authorization to obtain all personal information about me from any private or public agency in the United States and all other countries, including Mexico, Guatemala, Nicaragua, and Honduras." This exact waiver was recognized as valid by Consular Officer Maria Alvarado and her supervisor in Guatemala City, as well as other individuals in the State Department I interviewed for this research in 2009.

2) That reply also denied my request for a fee waiver. I am not sure why that was the case because past requests for this waiver for purposes of nonprofit educational, scholarship and journalistic uses has been recognized. In the event, I direct the Deportation Research Clinic at Northwestern University and am conducting research on the deportation of U.S. citizens, the direct purpose for my request of files pertaining to Mark Lyttle. To verify this I am attaching as well a letter on Northwestern University letterhead and a link to a law review article on this topic I published in 2011 (http://www.jacquelinestevens.org/StevensVSP18.32011.pdf/). I intend to publish other articles on my blog, scholarship and in the press going forward and a review of my publication history on the blog (http://www.stateswithoutnations.blogspot.com) and my publications (http://www.thenation.com/authors/jacqueline-stevens).

Thank you so much for your help with this. If you have any questions, please let me know.

Sincerely,
Jacqueline Stevens
--
Jacqueline Stevens
Professor
Political Science and Legal Studies Board
Northwestern University

Director
Deportation Research Clinic
Buffett Center for International and Comparative Studies
http://www.cics.northwestern.edu/programs/deportationresearch/

phone 847-467-2093
fax  847-491-8985

Mail
601 University Place
Department of Political Science
Northwestern University
Evanston, IL  60208

http://www.jacquelinestevens.org
http://stateswithoutnations.blogspot.com

## PRIVACY AND CONFIDENTIALITY WAIVER

To Whom It May Concern:

My name is Mark Daniel Lyttle.

Dr. Jacqueline Stevens has my authorization to obtain all personal information about me from any private or public agency in the United States and all other countries, including Mexico, Guatemala, Nicaragua, and Honduras.

**I hereby waive my right to privacy, and I authorize all federal agencies of the United States to release any and all information relating to me to Jacqueline Stevens, 85 Eighth Ave., New York City, NY 10011.**

This waiver is in accordance with the rules of Title 5 U.S.C Section 552, and includes but is not limited to records and employee statements of the U.S. Customs and Border Protection, Immigration and Customs Enforcement, the Department of Justice, the Federal Bureau of Investigation, the Executive Office of Immigration Review, and the Stewart Detention Center.

Under penalty of perjury, I hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a (i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signed,

*Mark Lyttle*

Mark Lyttle

Date of Birth: 8-2-1977
Address: 109 Birch Trail, NW
Kennesaw, GA

*Mark Lyttle*

Notary public

X *[signature]*

*[Notary seal: KEVIN VAUGHAN NOTARY PUBLIC COBB COUNTY, GA Exp. Feb. 16, 2010]*



**Judd A. and Marjorie Weinberg**
**College of Arts and Sciences**
Northwestern University
601 University Place
Evanston, Illinois 60208
US

**Department of Political Science**

Phone 847-491-7450
Fax 847-491-8985



NORTHWESTERN
UNIVERSITY

Office of Information Programs and Services
U.S. Department of State
Fax 202-261-8579
FOIA Control Number F-2013-06121

April 16, 2013

To Whom It May Concern,

Jacqueline Stevens is a professor in the political science department and directs the Deportation Research Clinic at the Roberta Buffett Center for International and Comparative Studies at Northwestern University. Northwestern University is nonprofit educational institution and I am writing to affirm that Professor Stevens conducts scholarly research on deportations. I hope this assists in your confirmation of her eligibility for a fee waiver for her request for documents under the Freedom of Information/Privacy Act.

Sincerely,

Hendrik Spruyt
Director
Roberta Buffett Center for International and Comparative Studies

Norman Dwith Harris Professor of International Relations
Department of Political Science

I just spoke with a FOIA desk officer and he said I should email this
and suggest that you forward this directly to the analyst assigned to
this case. I sent the same message a few days ago but used the
incorrect case number. I am now resending with the correct case number.

Thank you for your help with this! (Also, in case it's helpful: Mark
Daniel Lyttle's "alien number" was 098-232-910.)
------------------------------

To Whom It May Concern:

I write to address two matters raised in the initial State Department
FOIA reply of April 16, 2013 to my initial request for the records of
Mark Daniel Little, which I have appended below (submitted March 26,
2013) and assigned FOIA Control Number F-2013-06118.

1) That reply indicated that my request was missing the third party
authorization. I am not sure how that occurred and apologize for any
oversight on my part.

I am attaching a scanned copy of Mark Daniel Lyttle's signed and
notarized statement as to his identity and that he has waived privacy
rights stating that "Dr. Jacqueline Stevens has my authorization to
obtain all personal information about me from any private or public
agency in the United States and all other countries, including
Mexico, Guatemala, Nicaragua, and Honduras." This exact waiver was
recognized as valid by Consular Officer Maria Alvarado and her
supervisor in Guatemala City, as well as other individuals in the State
Department I interviewed for this research in 2009.

2) That reply also denied my request for a fee waiver. I am not sure
why that was the case because past requests for this waiver for purposes
of nonprofit educational, scholarship and journalistic uses has been
recognized. In the event, I direct the Deportation Research Clinic at
Northwestern University and am conducting research on the deportation of
U.S. citizens, the direct purpose for my request of files pertaining to
Mark Lyttle. To verify this I am attaching as well a letter on
Northwestern University letterhead and a link to a law review article on
this topic I published in 2011
(http://www.jacquelinestevens.org/StevensVSP18.32011.pdf/). I intend to
 publish other articles on my blog, scholarship and in the press going
forward and a review of my publication history on the blog
(http://www.stateswithoutnations.blogspot.com) and my publications
(http://www.thenation.com/authors/jacqueline-stevens).

Thank you so much for your help with this. If you have any questions,
please let me know.

Sincerely,

Jacqueline Stevens
--
Jacqueline Stevens
Professor
Political Science and Legal Studies Board
Northwestern University

Director
Deportation Research Clinic
Buffett Center for International and Comparative Studies
http://www.cics.northwestern.edu/programs/deportationresearch/

phone 847-467-2093
fax  847-491-8985

Mail
601 University Place
Department of Political Science
Northwestern University
Evanston, IL  60208

http://www.jacquelinestevens.org
http://stateswithoutnations.blogspot.com

## PRIVACY AND CONFIDENTIALITY WAIVER

To Whom It May Concern:

My name is Mark Daniel Lyttle.

Dr. Jacqueline Stevens has my authorization to obtain all personal information about me from any private or public agency in the United States and all other countries, including Mexico, Guatemala, Nicaragua, and Honduras.

**I hereby waive my right to privacy, and I authorize all federal agencies of the United States to release any and all information relating to me to Jacqueline Stevens, 85 Eighth Ave., New York City, NY 10011.**

This waiver is in accordance with the rules of Title 5 U.S.C Section 552, and includes but is not limited to records and employee statements of the U.S. Customs and Border Protection, Immigration and Customs Enforcement, the Department of Justice, the Federal Bureau of Investigation, the Executive Office of Immigration Review, and the Stewart Detention Center.

Under penalty of perjury, I hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a (i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signed,

*Mark Lyttle*

Mark Lyttle

Notary public

X _____

Date of Birth: 8-2-1977
Address: 109 Birch Trail, NW
Kennesaw, GA

*Mark Lyttle*

KEVIN VAUGHAN
NOTARY
PUBLIC
Exp. Feb. 16, 2010
COBB COUNTY, GA



**Judd A. and Marjorie Weinberg**
**College of Arts and Sciences**
Northwestern University
601 University Place
Evanston, Illinois 60208
US

Department of Political Science

Phone 847-491-7450
Fax 847-491-8985



NORTHWESTERN
UNIVERSITY

Office of Information Programs and Services
U.S. Department of State
Fax 202-261-8579
FOIA Control Number F-2013-06121

April 16, 2013

To Whom It May Concern,

Jacqueline Stevens is a professor in the political science department and directs the Deportation Research Clinic at the Roberta Buffett Center for International and Comparative Studies at Northwestern University. Northwestern University is nonprofit educational institution and I am writing to affirm that Professor Stevens conducts scholarly research on deportations. I hope this assists in your confirmation of her eligibility for a fee waiver for her request for documents under the Freedom of Information/Privacy Act.

Sincerely,

Hendrik Spruyt
Director
Roberta Buffett Center for International and Comparative Studies

Norman Dwith Harris Professor of International Relations
Department of Political Science

# EXHIBIT F

<div style="border:1px solid;">TRANSMISSION VERIFICATION REPORT</div>

| | | |
|---|---|---|
| TIME | : | 04/24/2013 12:18 |
| NAME | : | |
| FAX | : | 18474918985 |
| TEL | : | |
| SER.# | : | BROE4J592161 |

| | |
|---|---|
| DATE,TIME | 04/24  12:18 |
| FAX NO./NAME | ×89079502-9-1-2022618582 |
| DURATION | 00:00:00 |
| PAGE(S) | 00 |
| RESULT | BUSY |
| MODE | STANDARD |

BUSY: BUSY/NO RESPONSE

f a c s i m i l e
TRANSMITTAL

**Political Science Department**
Northwestern University
601 University Place
Evanston, IL 60208-1006
Tel: (847) 491-7450
Fax: (847) 491-8985

**Date:** Jacqueline Stevens

**From:** April 24, 2013

**To:** Charlotte Humbert (sp?) — sorry I can't read my writing

**Attn:** FOIA Case Officer State Department

**Fax #:** (202) 261-8582

**Pages:** 4 + cover

For FOIA  F-2013-06118

Please ...te this was sent by email

**f a c s i m i l e**
**TRANSMITTAL**

**Political Science Department**
**Northwestern University**
601 University Place
Evanston, IL 60208-1006
Tel: (847) 491-7450
Fax: (847) 491-8985

**Date:** Jacqueline Stevens

**From:** April 24, 2013

**To:** Charlotte Humbert (sp?) – sorry I can't read my writing

**Attn:** FOIA Case Officer State Department

**Fax #:** (202) 261-8582

**Pages:** 4 + cover

For FOIA F-2013-06118

Please note this was sent by email on April 19, 2013 but appears not to have been received.

Thank you!

Jacqueline Stevens
Professor, Northwestern University

F-2013-06118, third party waiver attached AND evidence for fee ...

**Subject: F-2013-06118, third party waiver attached AND evidence for fee waiver attached**
**From: Jackie Stevens <jacqueline-stevens@northwestern.edu>**
**Date: 4/19/2013 6:25 PM**
**To: foiastatus@state.gov**

I just spoke with a FOIA desk officer and he said I should email this
and suggest that you forward this directly to the analyst assigned to
this case. I sent the same message a few days ago but used the
incorrect case number. I am now resending with the correct case number.

Thank you for your help with this! (Also, in case it's helpful: Mark
Daniel Lyttle's "alien number" was 098-232-910.)
------------------------------

To Whom It May Concern:

I write to address two matters raised in the initial State Department
FOIA reply of April 16, 2013 to my initial request for the records of
Mark Daniel Little, which I have appended below (submitted March 26,
2013) and assigned FOIA Control Number F-2013-06118.

1) That reply indicated that my request was missing the third party
authorization. I am not sure how that occurred and apologize for any
oversight on my part.

I am attaching a scanned copy of Mark Daniel Lyttle's signed and
notarized statement as to his identity and that he has waived privacy
rights stating that "Dr. Jacqueline Stevens has my authorization to
obtain all personal information about me from any private or public
agency in the United States and all other countries, including
Mexico, Guatemala, Nicaragua, and Honduras." This exact waiver was
recognized as valid by Consular Officer Maria Alvarado and her
supervisor in Guatemala City, as well as other individuals in the State
Department I interviewed for this research in 2009.

2) That reply also denied my request for a fee waiver. I am not sure
why that was the case because past requests for this waiver for purposes
of nonprofit educational, scholarship and journalistic uses has been
recognized. In the event, I direct the Deportation Research Clinic at
Northwestern University and am conducting research on the deportation of
U.S. citizens, the direct purpose for my request of files pertaining to
Mark Lyttle. To verify this I am attaching as well a letter on
Northwestern University letterhead and a link to a law review article on
this topic I published in 2011
(http://www.jacquelinestevens.org/StevensVSP18.32011.pdf/). I intend to
 publish other articles on my blog, scholarship and in the press going
forward and a review of my publication history on the blog
(http://www.stateswithoutnations.blogspot.com) and my publications
(http://www.thenation.com/authors/jacqueline-stevens).

Thank you so much for your help with this. If you have any questions,
please let me know.

4/22/2013 12:09 PM

F-2013-06118, third party waiver attached AND evidence for fee ...

```
Sincerely,
Jacqueline Stevens
--
Jacqueline Stevens
Professor
Political Science and Legal Studies Board
Northwestern University

Director
Deportation Research Clinic
Buffett Center for International and Comparative Studies
http://www.cics.northwestern.edu/programs/deportationresearch/

phone 847-467-2093
fax  847-491-8985

Mail
601 University Place
Department of Political Science
Northwestern University
Evanston, IL  60208

http://www.jacquelinestevens.org
http://stateswithoutnations.blogspot.com
```

─Attachments:─

LyttleWaiver.pdf                                          51.2 KB

SpruytLetterStevensIsProfessor04162013.pdf               192 KB

## PRIVACY AND CONFIDENTIALITY WAIVER

To Whom It May Concern:

My name is Mark Daniel Lyttle.

Dr. Jacqueline Stevens has my authorization to obtain all personal information about me from any private or public agency in the United States and all other countries, including Mexico, Guatemala, Nicaragua, and Honduras.

**I hereby waive my right to privacy, and I authorize all federal agencies of the United States to release any and all information relating to me to Jacqueline Stevens, 85 Eighth Ave., New York City, NY 10011.**

This waiver is in accordance with the rules of Title 5 U.S.C Section 552, and includes but is not limited to records and employee statements of the U.S. Customs and Border Protection, Immigration and Customs Enforcement, the Department of Justice, the Federal Bureau of Investigation, the Executive Office of Immigration Review, and the Stewart Detention Center.

Under penalty of perjury, I hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a (i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signed,

*Mark Lyttle*

Mark Lyttle

Date of Birth: 8-2-1977
Address: 109 Birch Trail, NW
Kennesaw, GA

*Mark Lyttle*

Notary public

x _____

KEVIN VAUGHAN
NOTARY
PUBLIC
Exp. Feb. 18, 2010
COBB COUNTY, GA



**Judd A. and Marjorie Weinberg
College of Arts and Sciences
Northwestern University
601 University Place
Evanston, Illinois 60208
US**

**Department of Political Science**

Phone 847-491-7450
Fax 847-491-8985



NORTHWESTERN
UNIVERSITY

Office of Information Programs and Services
U.S. Department of State
Fax 202-261-8579
FOIA Control Number F-2013-06121

April 16, 2013

To Whom It May Concern,

Jacqueline Stevens is a professor in the political science department and directs the Deportation
Research Clinic at the Roberta Buffett Center for International and Comparative Studies at
Northwestern University. Northwestern University is nonprofit educational institution and I am writing
to affirm that Professor Stevens conducts scholarly research on deportations. I hope this assists in your
confirmation of her eligibility for a fee waiver for her request for documents under the Freedom of
Information/Privacy Act.

Sincerely,

Hendrik Spruyt
Director
Roberta Buffett Center for International and Comparative Studies

Norman Dwith Harris Professor of International Relations
Department of Political Science

# EXHIBIT G

I am inquiring about the status of my FOIA request F-2013-06121 -- for records maintained by State Department officials in Honduras and Washington, D.C. concerning Mark Lyttle.

Thanks so much.

Jackie
--
Jacqueline Stevens
Professor
Political Science and Legal Studies Board
Northwestern University

Director
Deportation Research Clinic
Buffett Center for International and Comparative Studies
http://www.cics.northwestern.edu/programs/deportationresearch/

phone 847-467-2093
fax  847-491-8985

Mail
601 University Place
Department of Political Science
Northwestern University
Evanston, IL  60208

http://www.jacquelinestevens.org
http://stateswithoutnations.blogspot.com