UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 13 C 5152 |
| | ) |
| UNITED STATES DEPARTMENT OF STATE, | ) Judge George M. Marovich |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff Jacqueline Stevens ("Stevens"), a college professor who has made something of a habit of using the federal courts and the Freedom of Information Act to obtain materials for her research, filed suit against the United States Department of State (the "Department of State") in order to obtain documents related to one Mark Lyttle, whose experience with deportation interested Stevens.

The parties have filed cross motions for summary judgment. For the reasons set forth below, the Court grants in part and denies in part defendant's motion for summary judgment. The Court grants in part and denies in part plaintiff's motion for summary judgment.

## I.  Background

The following facts are undisputed unless otherwise noted.[1]

---

[1] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. This Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the

In March 2013, Stevens submitted to the State Department two Freedom of Information Act ("FOIA") requests. In the requests, Stevens sought information about Mark Lyttle ("Lyttle"). In April, the State Department informed Stevens that it would need her to supply an authorization from Lyttle to release the records. Before providing the release, Stevens filed suit. In September 2013, Stevens provided the State Department with an authorization Lyttle had signed on September 13, 2013. The State Department began searching for records.

The State Department concluded that the following entities or repositories were likely to possess responsive documents: the Central Foreign Policy Records, the Office of the Legal Advisor, the Bureau of Consular Affairs, the Bureau of Diplomatic Security, the U.S. Embassy in Guatemala City, and the U.S. Embassy in Tegucigalpa, Honduras. The State Department searched for documents in each of these places. (On summary judgment, plaintiff challenges the search only with respect to the U.S. Embassy in Tegucigalpa, Honduras, so the Court does not include here all of the details of the State Department's search. Still, some of the details of the search outside of Honduras are relevant.) With respect to the Central Foreign Policy Records, the State Department performed a full-text computer search of the entire database for the time

---

fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). It is not enough at the summary judgment stage for either party to *say* a fact is disputed. The Court considers a fact disputed *only* if both parties put forth admissible evidence of her or its version of the fact. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court. The Court enforces Local Rule 56.1 with respect to both parties regardless of whether either party moves to strike non-complying portions, because the purpose of the rule is to make *the Court's* job manageable, not to give litigants additional ammunition to use against one another.

In this case, plaintiff admitted nearly all of the facts defendant included in its statement of facts. Several of the facts (for example, those contained in paragraphs 1, 3, 4, 5, 7, 8, 9, 13, 28, 29) put forth by plaintiff, however, were not supported by admissible evidence and are not considered by the Court.

period of January 1, 2008 through September 24, 2013 (the approximate date of the search) using the search terms: "Lyttle," "Mark Daniel Lyttle," "Jose Thomas" and "Neil Rambana." (Those last two search terms were designed to capture documents that mentioned Lyttle's alias and/or his attorney.) The State Department found no responsive documents.

The State Department also searched within the Bureau of Consular Affairs. The Office of Passport Services is a division of the Bureau of Consular Affairs. There, a paralegal searched three databases for the time period of January 1, 2008 through October 9, 2013 (the date of the search) using the search terms "Lyttle," "Mark Daniel Lyttle," "Jose Thomas" and "Neil Rambana." Through this search, the State Department found two responsive documents. Another division of the Bureau of Consular Affairs, the Office of Overseas Citizens Services, also conducted a search of its database and email system using the search terms, "Lyttle," "Mark Daniel Lyttle," "Jose Thomas," "Neil Rambana," and "deportations." The State Department found eight responsive records.

The State Department also searched at the U.S. Embassy in Tegucigalpa, Honduras. The Chief of the American Citizens Services Unit ("ACS") searched the ACS+ electronic database using the search terms "Mark Daniel Lyttle," "Mark Lyttle," "Jose Thomas," and "Neil Rambana." The Chief also searched the Consular Section's shared drive for the same terms. The Chief of the Non-Immigrant Visa Unit ("NIV") searched the NIV database using the same terms. A fraud prevention supervisor searched the electronic case assessment service database ("ECAS") using the same search terms. All told, the U.S. Embassy in Tegucigalpa, Honduras found six responsive documents.

Through its entire search, the State Department found 48 responsive documents to produce to Stevens, although it redacted some of the documents. The State Department has supplied what is commonly known as a "Vaughn" index, which lists every document that was redacted, explains what information was redacted and explains the reason the State Department believes the redacted information falls within an exemption to the Freedom of Information Act. The State Department redacted information that was protected from disclosure by the attorney-client privilege and the work-product doctrine; information with respect to which the privacy interests of third parties outweighed the public interest in the information; and information to protect the privacy of the State Department employees who worked on Lyttle's case. Finally, the State Department withheld information that could disclose sensitive law enforcement techniques.

## II.     Summary Judgment Standards

Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. Discussion

With certain exceptions, the Freedom of Information Act requires agencies, "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, [to] make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). FOIA specifically exempts ("[t]his section does not apply to . . .") certain categories of documents, including:

> (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;
> (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;
> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (E) would disclose techniques and procedures for law enforcement investigations or prosecutions . . .

5 U.S.C. §§ 552(b)(5)-(7). FOIA grants the district courts "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(3)(B).

FOIA's "noble goal" is the "broad disclosure of government documents to serve the 'basic purpose of ensuring an informed citizenry, vital to the functioning of a democratic society.'" *The Lakin Law Firm, P.C. v. Federal Trade Comm'n*, 352 F.3d 1122, 1123 (7th Cir. 2004) (quoting *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998)). Still, "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requestors." *Amnesty Int'l USA v. Central Intelligence Agency*, 728 F. Supp.2d 479, 498 (S.D. N.Y. 2010) (internal citation omitted).

The agency bears the burden of sustaining its actions under FOIA. 5 U.S.C. § 552(a)(3)(B). An agency need not show that it found every possible document; it must show that it made an adequate search. *Becker v. Internal Revenue Service*, 34 F.3d 398, 406 (7th Cir. 1994). An adequate search is one "reasonably calculated to uncover all relevant documents." *National Immigrant Justice Center v. United States Dep't of Homeland Sec.*, Case No. 12 C 5358, 2015 WL 433580 at *6 (N.D. Ill. Feb. 1, 2015).

The State Department argues that it has thoroughly searched all databases and files that could reasonably be expected to contain relevant documents. It argues that the redactions it made to the documents it produced were appropriate under FOIA exemptions. Plaintiff, for her part, does not disagree that the redactions were appropriate under FOIA. Nor does plaintiff take issue with the reasonableness of most of the State Department's search. The Court is satisfied that defendant's redactions were within the scope of FOIA's exemptions and that its search (except as to plaintiff's challenges thereto, which are described below) was adequate.

Plaintiff challenges only the State Department's search at the U.S. Embassy in Tegucigalpa, Honduras. Plaintiff has two objections to that portion of the search. First, plaintiff argues that the search terms used with respect to that location were too narrow. Second, plaintiff argues that the State Department should have searched the emails and documents of additional employees.

The Court agrees that the search terms used by the State Department at the U.S. Embassy in Tegucigalpa, Honduras were not reasonably calculated to uncover all responsive documents. In considering whether the search was reasonably calculated to discover the relevant documents, the Court considers whether the search, as it was designed, would be expected to uncover the

relevant documents, *not* whether it actually uncovered every document. *See Becker*, 34 F.3d at 406 ("The issue is *not* whether other documents may exist, but rather whether the search for undisclosed documents was adequate.") (emphasis in original) (internal citation omitted). In this case, as plaintiff points out, when defendant searched three databases and a shared drive at the U.S. Embassy in Tegucigalpa, it failed to search for what the Court considers to be the most obvious search term, "Lyttle," the third party's surname. The State Department offers no explanation for why it failed to search for that term. Defendant does not, for example, argue that the way those databases operate makes it unlikely that any document could contain a surname without a first name. Furthermore, the State Department searched for the term "Lyttle" in other databases in other locations. The very fact that defendant used "Lyttle" as a search term in other databases shows that it is a term reasonably calculated to uncover relevant documents. The State Department's search of the three databases and the shared drive at the U.S. Embassy in Tegucigalpa, Honduras was not adequate, because defendant failed to include "Lyttle" as a search term.

Next, plaintiff challenges the search in Honduras, because she thinks defendant searched the records of too few employees. The Court disagrees. Plaintiff first argues that the State Department should have searched the emails and files of Wendy Clemens and an "unnamed Foreign Service National Investigator," because each demonstrably worked on the Mark Lyttle file. Although defendant does not dispute that those two worked on the file, it argues that a search of their records was not necessary. The State Department has put forth evidence that neither Wendy Clemens nor the unnamed investigator worked at the U.S. Embassy at Tegucigalpa, Honduras when the search was conducted. Furthermore, the State Department has

put forth evidence that it has a policy that both prevents employees from taking documents with them when they leave and requires employees to provide all documents to their successors. Thus, the searches the State Department actually performed in Honduras would have found the documents Wendy Clemens and the unnamed investigator left behind. Accordingly, that aspect of the search was adequate. Plaintiff also argues that the State Department should have searched the records of embassy employees who had worked on the case of one Diane Williams. Plaintiff conjectures (but has no evidence to show) that those employees may also have worked on Lyttle's. Without any reason to believe the same employees worked on both cases, the Court cannot conclude that it was unreasonable not to search the records of employees who worked on Diane Williams's case.

In sum, the State Department's search was adequate and reasonable in most respects, and the State Department has shown that its redactions were within the scope of FOIA's exemptions. For these reasons, its motion for summary judgment is granted in part. In one respect, however, defendant's search was inadequate. Specifically, the State Department should have searched for the term "Lyttle" in the three databases and the shared drive it searched at the U.S. Embassy in Tegucigalpa, Honduras. For that reason, plaintiff's motion for summary judgment is granted in part.

Plaintiff has prevailed, in part, in this suit, but the Court cannot say that she has prevailed "substantially." 5 U.S.C. § 552(a)(4)(E). That is because: (a) plaintiff supplied defendant the signed authorization from Mark Lyttle after she filed suit; and (b) the Court has concluded that only a small portion of defendant's search was inadequate. For these reasons, each party will bear her or its own fees and costs of this suit.

## IV.  Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendant's motion for summary judgment.  The Court grants in part and denies in part plaintiff's motion for summary judgment.  The Court orders defendant State Department to search the ACS+ electronic database, the Consular Section's shared drive, the Non-Immigrant Visa electronic database and the electronic case assessment service database at the U.S. Embassy in Tegucigalpa, Honduras for the term "Lyttle."  The State Department is granted 35 days to provide plaintiff either:  (a) responsive documents and, if appropriate, a Vaughn index; or (b) a letter stating that no responsive documents were found.

ENTER:

George M. Marovich
United States District Judge

DATED:  April 14, 2015